JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE D. ALCARAS RODRIGUEZ,

        Plaintiff,

v.

GENERAL MOTORS LLC et al.,

        Defendants.

Case No. 2:25-cv-10929-HDV-SK

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16]**

I.    **INTRODUCTION**

This lemon law action arises out of Plaintiff Jose D. Alcaras Rodriguez's ("Plaintiff") purchase of a 2018 Chevrolet Silverado 1500 (the "Vehicle") manufactured by General Motors LLC ("GM" or "Defendant"). Plaintiff alleges that the Vehicle exhibited "exhaust system and engine defects" during the warranty period. First Amended Complaint ("FAC") ¶ 12 [Dkt. 1-1].

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 16], which asserts that GM, in its Notice of Removal [Dkt. 1], failed to establish that the Court has subject matter jurisdiction. Motion at 5–10. The Court agrees. Because GM fails to establish that the amount in controversy requirement is met, the Motion is granted.

II.    **BACKGROUND**

Plaintiff purchased the Vehicle in April 2018. FAC ¶ 9. Plaintiff alleges that the Vehicle was defective and that GM failed to fulfill its warranty obligations. *Id.* ¶¶ 12–14.

Plaintiff filed a First Amended Complaint on April 2, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal Magnuson Moss Warranty Act ("MMWA"), and the California Uniform Commercial Code. *Id.* ¶¶ 8–71. Because Plaintiff's Song-Beverly Act claims were voluntarily dismissed on June 20, 2025, Notice of Removal, Ex. B ("Request for Dismissal") [Dkt 1-2], his only remaining claims are those under the MMWA and California Uniform Commercial Code. GM removed the case on November 13, 2025, asserting that this Court has subject matter jurisdiction. Notice of Removal at 3–5.

Plaintiff filed the instant Motion on December 22, 2025. [Dkt. 16]. GM filed its Opposition to the Motion ("Opposition") on January 22, 2026. [Dkt. 17]. With its Opposition, GM produced its invoice to the dealership for the Vehicle, which showed the manufacturer's suggested retail price ("MSRP") to be $34,145.00. Declaration of Caitlin R. Crable ("Crable Decl.") ¶ 2, Ex. A. ("Invoice") [Dkts. 17-1, 17-2]. GM also produced its records of the Vehicle's repair history. *Id.* ¶ 4, Ex. B ("Repair Records") [Dkt. 17-3]. Plaintiff filed a Reply in Support of the Motion ("Reply") on January 29, 2025. [Dkt. 18].

III.    **LEGAL STANDARD**

Generally, a civil action filed in state court may properly be removed if there is federal

2

subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction). Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Under the MMWA, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000." 15 U.S.C. § 2310(d)(3)(B). The MMWA's amount in controversy requirement excludes interests and costs and is "computed on the basis of all claims to be determined in th[e] suit." *Id.* The Ninth Circuit has explained that attorneys' fees are not "costs" within the meaning of the MMWA and therefore "may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). A removing defendant, however, bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

## IV. DISCUSSION

The parties dispute whether the amount in controversy requirement is met.[1] Where the plaintiff challenges the removing defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has

---

[1] Plaintiff does not contest the timeliness of removal or that complete diversity is met. The Court is satisfied that complete diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Michigan. FAC ¶¶ 2, 4; Notice of Removal at 3.

been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed.App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)) (citation omitted).

The Invoice indicates that the Vehicle's MSRP was $34,145.00 at the time of purchase. Crable Decl. ¶ 2; Ex. A; *Schneider v. Ford Motor Co.*, 756 Fed. App'x 699, 701 (9th Cir. 2018) (accepting defendant's proffer of a vehicle's MSRP in its assessment of the amount in controversy). In estimating the Vehicle's purchase price, Defendant increases the Vehicle's MSRP by 20 percent because, according to defense counsel, purchase contracts for similar vehicles "usually include financing terms" warranting such a markup. Crable Decl. ¶ 2; Opposition at 5–6. Thus, Defendant estimates the total purchase price of the Vehicle was $42,702.00.[2] *Id.* Defendant further "expects" Plaintiff to seek "at least $5,000 in incidental and consequential damages," bringing Plaintiff's asserted recovery for the MMWA claim to $47,702.00. Opposition at 6; Crable Decl. ¶ 6.

The MMWA theory of damages applicable here—California Commercial Code Section 2713—provides for "diminished value" damages measured as the "difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages." Cal. Comm. Code § 2713(1). The Repair Records show the Vehicle was first presented to GM for repair with 42,854 miles on the odometer, Repair Records at 1, at which time the vehicle had a market value of approximately $25,237.00. Crable Decl. ¶ 5, Ex. C. ("Kelly Blue Book Value") [Dkt. 17-4]. Accepting these figures as true for purposes of determining the amount in controversy, the Court calculates as follows:

$34,145 (Total Purchase Price) - $25,237 (Market Value when Plaintiff learned of the breach) + $5,000 (Incidental and Consequential Damages) = $13,908. Even if the Court were to

---

[2] A 20 percent markup on the Vehicle's $34,145.00 MSRP would only bring the estimated total purchase price to $40,974.00. GM's proffered estimated total purchase price, $42,702.00, is actually an approximately 25 percent markup on the Vehicle's MSRP.

include a 20 percent markup for "financing terms," the total would be $20,737,[3] far below the threshold requirement warranting damages under Section 2713.[4]

In estimating the amount of attorneys' fees Plaintiff will seek, GM submitted the Declaration of its counsel of record, Caitlin R. Crable, who avers by fiat that the attorneys' fees will be $33,300. Crable Decl. ¶¶ 7–11. This estimate is wholly deficient. While GM supplemented its estimate of attorneys' fees with Plaintiff's counsel's hourly rates and estimated hours worked,[5] GM does not discuss the facts of Plaintiff's counsel's past lemon law cases, or explain how those cases are analogous to the case at hand. *See* Crable Decl. ¶¶ 8, 10. Defendant's counsel further points to their "prior experience defending lemon law actions" to support its estimation that "Plaintiff will seek costs totaling approximately $9,500 composed primarily of initial filing fees, court reporter and deposition transcript fees, and expert costs for inspection, analysis, deposition, and reports." *Id.* ¶ 11. But the fact that Plaintiff's counsel sought and obtained certain attorneys' fees in other lemon law actions is insufficient by itself to demonstrate it is more likely than not that Plaintiff will incur a similar fee award here.

Upon review of Defendant's allegations and the supporting evidence submitted, the Court finds that Defendant fails to prove by a preponderance of the evidence that the amount in

---

[3] $40,974 - $25,237 + $5,000 = $20,737.

[4] Notably, there is no evidence provided of the actual agreed-upon sale amount, or whether Plaintiff paid in full or agreed to financing. Without more, the Court finds GM's 20 percent markup of the Vehicle's MSRP too speculative for inclusion in its amount-in-controversy estimation.

[5] Courts in this district have reviewed notices of removal with suspicion when they are speculative of the amount of attorneys' fees with no explanation of how a given estimate is reached. *See, e.g.*, *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020) (finding attorneys' fees estimate too speculative where "Defendants provided no estimate of attorneys' fees likely to be expended, hourly rates, or evidence of attorneys' fees in similar cases."); *see also Eberle v. Jaguar Land Rover N. Am., LLC*, No. 218CV06650VAPPLA, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) ("Courts have been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with 'evidence of attorneys' fees awards in similar cases,' . . . and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy.") (citing *Edwards v. Ford Motor Co.*, No. 16-cv-05852 BRO (PLAx), 2016 WL 6583585, at *5 (C.D. Cal. Nov. 4, 2016).

controversy exceeds the $50,000 required for federal question jurisdiction under the MMWA or the $75,000 required for diversity jurisdiction.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is ***granted*** and the action is hereby remanded to the Los Angeles County Superior Court for all further proceedings.

Dated:  March 9, 2026

_____
Hernán D. Vera
United States District Judge

6